UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, | No.  2:18-cv-02065-JAM-AC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| ACCUIRE, LLC, and DOES 1 through 100, inclusive, | |
| Defendants. | |

On July 28, 2018, Zurich American Insurance Company of
Illinois ("Plaintiff" or "Zurich") filed suit against Accuire,
LLC. ("Defendant" or "Accuire"), alleging breach of contract.
Compl., ECF 1.  Two months later, Plaintiff filed a Motion for
Summary Judgment.  Mot. Summ. J. ("Mot."), ECF No. 14.  Defendant
failed to timely file an opposition to this motion in accordance
with Local Rule 230(c).  Because Plaintiff established that no
genuine issues of material fact exist, the Court GRANTS
Plaintiff's Motion for Summary Judgment.[1]

---

[1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
scheduled for October 22, 2019.

I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff issued a workers' compensation insurance policy to Defendant.  Comp. ¶ 7.  The initial premium charged for the policy was an estimate subject to adjustment based on a payroll and renumeration audit to be performed after the conclusion of the policy period.  Compl. ¶ 7.  Once the policy period ended, Plaintiff completed the audit and sent the results to Defendant along with demand for payment of an additional premium totaling $491,614.  Compl. ¶ 9.  Defendant has not paid any portion of the amount owed.  Compl. ¶ 9.

Plaintiff filed suit against Defendant alleging that Defendant breached their written insurance contract by failing to pay the additional premium of $491,614 owed after the payroll audit, as required by the terms of the contract.  Mot. at 6. Defendant asserts the following three defenses:

1.    Plaintiff's managing general agent orally promised Defendant's broker that the rates used in the audit would be the rates that were in effect at an earlier time;

2.    Neither Defendant's insurance broker nor Defendant's principals read the written insurance contract that included the rates to be charged for the policy prior to accepting the written insurance contract; and

3.    Defendant was improperly charged a higher than originally quoted experience modification rating when the additional premium was calculated after the payroll audit.

Mot. at 6.

2

| | |
|---|---|
| 1 | II.  OPINION |
| 2 | A.  <u>Legal Standard</u> |

3   A Court must grant a party's motion for summary judgment

4 "if the movant shows that there is no genuine dispute as to any

5 material fact and the movant is entitled to a judgment as a

6 matter of law."  Fed. R. Civ. Proc. 56(a).  The movant bears the

7 initial burden of "informing the district court of the basis for

8 its motion and identifying [the documents] which is believes

9 demonstrate the absence of a genuine issue of a material fact."

10 <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  A fact is

11 material if it "might affect the outcome of the suit under the

12 governing law."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242,

13 248 (1986).  Once the movant makes this initial showing, the

14 burden rests upon the nonmoving party to "set forth specific

15 facts showing that there is a genuine issue for trial."  <u>Id.</u>  An

16 issue of fact is genuine if "the evidence is such that a

17 reasonable jury could return a verdict for the nonmoving party."

18 <u>Id.</u>

19   B.  <u>Analysis</u>

20   As Plaintiff establishes in its Motion for Summary

21 Judgment, Accuire's defenses are without merit and thus,

22 Plaintiff in entitled to judgment as a matter of law.  With

23 regard to the first defense, the written contract, by its own

24 terms, makes clear that it was a fully integrated agreement.

25 Exh. B to Aff. of Sheryl Totzke, ECF No. 14-4, at 60 (". . .

26 [T]his policy, including all endorsements forming a part

27 thereof, constitutes the entire contract of insurance").  And

28 under California law, the unambiguous terms of a fully

integrated agreement make alleged prior statements or

representations regarding different or contradictory terms

inadmissible parol evidence.  Masterson v. Sine, 68 Cal.2d

222,225 (1968).  Given that the prior representations offered by

the Defendant would contradict the terms of the written

contract, they are inadmissible parol evidence and cannot serve

as a defense.

    The failure to read the written contract before accepting

it is likewise not a defense.  Vernon v. Drexel Burnham & Co.,

52 Cal.App.3d 706, 714 (1975) (failure to read the terms of a

contract is not a meritorious defense to enforcement of an

unread term).  Thus, Accuire's second defense also fails.

    Accuire's final defense is just as futile.  Endorsement 004

of the written contract includes the modified experience

modification rating.  Exh. B to Aff. of Sheryl Totzke, ECF No.

14-4, at 156.  As noted above, the policy, "including all

endorsements," make up the terms of the written contract.  Id.

at 60.  Thus, the modified rate was appropriately included in

the calculation of the additional premium owed pursuant to the

after-policy payroll audit.

    The undisputed facts establish that Accuire breached a

contract it properly entered into with Zurich.  Absent a viable

defense to this breach, Zurich is entitled to judgment as a

matter of law.

1            III. ORDER

2       For the reasons set forth above, the Court GRANTS

3  Plaintiff's motion for summary judgment.

4       IT IS SO ORDERED.

5  Dated: October 21, 2019

6

7                                JOHN A. MENDEZ,
                                 UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28