UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>ACCUIRE, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:18-cv-02065-JAM-AC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT TO AWARD PREJUDGMENT INTEREST AND COSTS** |

On October 21, 2019, the Court granted Zurich American Insurance Company of Illinois's ("Plaintiff") Motion for Summary Judgment in its breach of contract claim against Accuire, LLC. ("Defendant"). Order, ECF No. 20. Less than a month after judgment was entered (Judgment, ECF No. 21), Plaintiff filed a Motion to Amend the Judgment to award prejudgment interest and costs. Mot. to Am. J. ("Mot."), ECF No. 25. Defendant did not file an opposition to this motion. The Court GRANTS Plaintiff's Motion to Amend the Judgment.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 10, 2019.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The parties are familiar with the events leading up to this motion, as they were described in depth in the Court's previously issued Order. See Order, ECF No. 20. They will not be repeated here.

II. OPINION

A. Prejudgment Interest

1. Legal Standard

Awards of prejudgment interest are governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole. U.S. v. Cal. State Bd. of Equalization, 650 F.2d 1127, 1132 (9th Cir. 1981) (internal citations omitted). They are "intended to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered." Barnard v. Theobald, 721 F.3d 1069, 1078 (9th Cir. 2013). In a case arising under federal law, they are left to the discretion of the trial court. Bd. of Equalization, 650 F.2d at 1132. But state law generally governs awards of prejudgment interest in diversity actions as "prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co., 513 F.3d 949, 961 (9th Cir. 2008) (internal quotations and citation omitted).

2. Analysis

In a breach of contract matter where the contract does not specify the legal rate of interest, California law applies a ten percent interest rate per year from the date of the breach.

Cal. Civ. Code § 3289(b). The agreement in this matter does not specify the legal rate of interest (Totzke Decl., ECF No. 25-2, ¶ 9), so the ten percent interest rate should be applied.

The breach occurred on May 12, 2016, the day Defendant owed the additional premium to Plaintiff. Totzke Decl. ¶ 6, Ex. A, p. 5. The daily interest rate on the principal amount of $491,614.00 at ten percent per year is $134.69 per day. And 1,257 days passed between the breach and the entry of judgment. See Judgment, ECF No. 21. The daily interest rate of $134.69 multiplied by 1,257 days is $169,305.33.

Thus, the Court finds that Defendant owes Plaintiff $169,305.33 in prejudgment interest.

### B. Costs

#### 1. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc).

28 U.S.C. § 1920 generally defines the expenses that may be taxed as costs under Rule 54(d). See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Pursuant to 28 U.S.C. § 1920, a judge or court clerk may tax as costs: fees

of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for copies of necessary papers; docket fees, and compensation of court appointed experts.  28 U.S.C. § 1920; see also E.D. Cal. L.R. 292(f).

### 2. Timeliness

Under Local Rule 292, the Bill of Costs must be filed within fourteen (14) days of entry of judgment.  E.D. Cal. L.R. 292(b). Judgement was entered on October 21, 2019 (Judgment, ECF No. 21) and Plaintiff filed its Bill of Costs nine days later (Bill of Costs, ECF No. 22).  Thus, Plaintiff timely filed the Bill of Costs.  Defendant did not object to Plaintiff's Bill of Costs.

### 3. Analysis

Plaintiff seeks taxable costs incurred for: (1) clerk's fees; (2) subpoena fees; (3) deposition transcripts; and (4) making copies of discovery records, deposition exhibits, and pleadings.  See ECF No. 22.  The clerk's fee is recoverable under 28 U.S.C. §§ 1914, 1920(1).  As are subpoena fees.  Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 178 (9th Cir. 1990).  Court reporter's fees and costs related to depositions necessarily obtained for use in the case are also recoverable. E.D. Cal. L.R. 292(f)(3); 28 U.S.C. § 1920(2).  And finally, 28 U.S.C. § 1920(4) allows the recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."
///
///

4

Because all of Plaintiff's costs are recoverable and adequately supported with documentation, the Court awards costs to Plaintiff in the total amount requested.

## III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Amend the Judgment and awards $169,305.33 in prejudgment interest and $6,508.70 in costs.

IT IS SO ORDERED.

Dated: December 13, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5