UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>  Plaintiff,<br><br>  v.<br><br>ACCUIRE, LLC and DOES 1 to 100, inclusive,<br><br>  Defendants. | Case No.  2:18-cv-02065-JAM-AC<br><br>**ORDER ON APPLICATION FOR APPEARANCE AND EXAMINATION RE ENFORCEMENT OF JUDGMENT OF JUDGMENT DEBTOR ACCUIRE, LLC AND COMPELLING PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Allison Claire<br>Ctrm:   26, 8th Floor<br>Hearing Date: December 16, 2020<br>Hearing Time: 10:00 a.m.<br><br>Complaint Filed: July 28, 2018 |
|---|---|

The Court entered judgment on October 21, 2019, 2020, against Defendant/Judgment Debtor ACCUIRE, LLC ("ACCUIRE") after granting the motion for summary judgment by Plaintiff/Judgment Creditor ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS ("ZURICH") (Docs. 20 and 21), and amended said judgment on December 16, 2019 after granting ZURICH's motion to amend (Docs. 30 and 31). On November 2, 2020, the Ninth Circuit affirmed the judgment and denied ACCUIRE's appeal. (Doc. 33).

Pursuant to ZURICH's Application for Appearance and Examination re Enforcement of Judgment ("Debtor's Exam") of Judgment Debtor ACCUIRE and Order Compelling Production of Documents, and Federal Rule of Civil Procedure 69(a)(1), and California Code of Civil Procedure §§ 708.030, 708.110, and 708.150(a), the Court issues the following orders:

THE COURT NOW ORDERS AS FOLLOWS:

1. The corporate representative(s) designated per Cal. Code of Civ. Proc. § 708.150(a) & (c) of Judgment Debtor ACCUIRE shall appear personally on **Wednesday, December 16, 2020, at 10:00 a.m. in Courtroom 26, on the 8th Floor of the United District Court for the Eastern District of California, Sacramento Division, 501 I Street, Sacramento, CA 95814** for a Debtor's Examination to furnish information to aid in enforcement of a money judgment by answering questions. Additionally, **at least 2 court days before** the date for the examination, ACCUIRE shall provide to ZURICH's counsel legible copies of all pertinent documents regarding ACCUIRE's assets, bank accounts, investment accounts, contracts, business relationships, accounts receivable, personal property, real property, and other debts, including the following: account statements for each and every bank account, investment account and pension and/or retirement account (for the last two years); a list of all clients, including client names, addresses, emails, telephone numbers and contact persons; all current client contracts; invoices to clients with outstanding balances owed; accounts receivable documentation including the name and contact information for each client owing ACCUIRE and the amount owed; profit and loss statements (for the last two years); balance sheets (for the last two years); any real property deeds; personal property ownership documents and/or purchase receipts; assignments of right to payment; documents identifying subsidiary or parent companies

(for the last seven years); payroll documentation (for the last two years); IRS forms 941 and 940 (for the last two years); federal and state tax returns (for the last two years); lines of credit and/or loans (for the last two years); documents regarding other outstanding debts, judgments, attachments, or liens; documents regarding all other assets and/or sources of income not already included above (for the last two years); list(s) (including contract information) of all shareholders, directors and corporate officers for the last seven years; agreements and documentation regarding any corporate or membership shares, rights, or lines of business purchased or sold in the last seven years; agreements, communications and other documents regarding any business transactions between ACCUIRE and any of the following: ALEX CAMPOS; AMAZING INSURANCE, INC.; MICHAEL DIMANNO; SAMUEL HALE, LLC; BEAN TEAM NETWORK; BEAN TEAM NETWORK II; CHARLES MUSGROVE; CAPM HOLDINGS, LLC; KAISERKANE CONSULTING, INC.; MELISSA OGLESBY; GARDNER INVESTMENT HOLDINGS, LLC; RICHARD J. GARDNER; VFORCE, INC.; VF STAFFING, LLC; V.F. STAFFING, LLC; VFORCE STAFFING SOLUTIONS, MARK NOBILI; MANI KONTOKANIS; VIK JAIN; GERALD ANDERTON; CORTECH, LLC.

2. Alternatively, given the Eastern District's orders restricting personal appearances at the Court due to the ongoing Covid-19 pandemic, the Court orders the representative(s) per Cal. Code of Civ. Proc. § 708.150(a) for **Judgment Debtor ACCUIRE and ZURICH's counsel to appear telephonically or by videoconference before the Magistrate on Wednesday, December 16, 2020 at 10 a.m., and after said hearing, ZURICH's counsel shall conduct the Debtor's examination of ACCUIRE's § 708.150(a) representative(s) by videoconference**

**service Zoom, providing the videoconference link to ACCUIRE or its counsel before the examination.** This alternative order is mandatory if personal appearances are not allowed at the courthouse due to Covid-19, and may be stipulated to by counsel, even if personal appearances are allowed. In the event personal appearance is allowed at the time of the examination, the parties shall notify the Court of any stipulation for telephonic/videoconference appearance and Zoom examination at least seven days before the scheduled examination date. ACCUIRE is also ordered to produce legible copies of the following documents to Zurich's counsel **at least 2 court days prior** to the examination: account statements for each and every bank account, investment account and pension and/or retirement account (for the last two years); a list of all clients, including client names, addresses, emails, telephone numbers and contact persons; all current client contracts; invoices to clients with outstanding balances owed; accounts receivable documentation including the name and contact information for each client owing ACCUIRE and the amount owed; profit and loss statements (for the last two years); balance sheets (for the last two years); any real property deeds; personal property ownership documents and/or purchase receipts; assignments of right to payment; documents identifying subsidiary or parent companies (for the last seven years); payroll documentation (for the last two years); IRS forms 941 and 940 (for the last two years); federal and state tax returns (for the last two years); lines of credit and/or loans (for the last two years); documents regarding other outstanding debts, judgments, attachments, or liens; documents regarding all other assets and/or sources of income not already included above (for the last two years); list(s) (including contract information) of all shareholders, directors and corporate officers for the last seven years; agreements and documentation

      regarding any corporate or membership shares, rights, or lines of business purchased or sold in the last seven years; agreements, communications and other documents regarding any business transactions between ACCUIRE and any of the following: ALEX CAMPOS; AMAZING INSURANCE, INC.; MICHAEL DIMANNO; SAMUEL HALE, LLC; BEAN TEAM NETWORK; BEAN TEAM NETWORK II; CHARLES MUSGROVE; CAPM HOLDINGS, LLC; KAISERKANE CONSULTING, INC.; MELISSA OGLESBY; GARDNER INVESTMENT HOLDINGS, LLC; RICHARD J. GARDNER; VFORCE, INC.; VF STAFFING, LLC; V.F. STAFFING, LLC; VFORCE STAFFING SOLUTIONS, MARK NOBILI; MANI KONTOKANIS; VIK JAIN; GERALD ANDERTON; CORTECH, LLC.

3. ACCUIRE is advised per California Code of Civil Procedure § 708.150(c) that ACCUIRE must designate to appear and be examined one or more officers, directors, managing agents, or other persons who are familiar with its property and debts, pursuant to § 708.150(a).

4. The following notice is also provided pursuant to California Code of Civil Procedure § 708.110(e):

> **NOTICE TO JUDGMENT DEBTOR. IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

DATED: November 17, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE